UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

JONA VAN DEN BROECK,

        Defendant.
_____/

**INDICTMENT**

The Grand Jury charges:

### COUNTS 1–2
(Wire Fraud)

Between approximately March 28 and April 2, 2021, in Berrien County, in the Western District of Michigan, Southern Division, and elsewhere, the defendant,

JONA VAN DEN BROECK,

devised a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

### MANNER AND MEANS

It was part of the scheme that:

1. VAN DEN BROECK endeavored to fraudulently obtain access to J.B.'s Theta Tokens, a form of cryptocurrency. Specifically, VAN DEN BROECK pretended to provide J.B. with technical assistance to enable J.B. to regain access to his Theta Tokens, as J.B. believed he had lost access.

2. VAN DEN BROECK sent J.B. a link to a malicious software tool, which mimicked a well-known tool, Ian Coleman's BIP39 tool, that allows owners of cryptocurrency to

recover the public and private keys to their wallets using their "seed phrase."  VAN DEN BROECK instructed J.B. how to download and use the malicious tool.  Unlike the BIP39 tool, which does not send any information outside of the user's computer, the malicious tool provided by VAN DEN BROECK transmits the seed phrase to an external server once the user enters it.

3. Following VAN DEN BROECK's instructions, J.B. downloaded and used the malicious tool.  J.B. entered his seed phrase, which provided the public and private keys to permit access to the funds in his Theta account.  The malicious tool also transmitted J.B.'s seed phrase to an external server.  VAN DEN BROECK then used the seed phrase to obtain access to J.B.'s Theta account and transfer approximately 37,609 Theta Tokens to various cryptocurrency addresses and accounts that VAN DEN BROECK controlled.

4. On or about each of the dates set forth below, in Bridgman, Michigan, in the Western District of Michigan, and elsewhere, the defendant,

JONA VAN DEN BROECK,

for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate and foreign commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| Count | Date[1] | Description |
|---|---|---|
| 1 | March 28, 2021 | Transmittal of link to the malicious software tool via Reddit chat |
| 2 | April 1, 2021 | Theft of 37,609 Theta Tokens by transmittal to 0x4fbf499f5cbd941414bcfcb03760b9388c0ef6ba |

18 U.S.C. § 1343

---

[1] The dates listed herein are based on Eastern Time.  VAN DEN BROECK was in Spain at the times of the relevant conduct, when the date in Spain was a day later than the dates listed herein.

**COUNT 3**
(Unauthorized Access of a Computer in Furtherance of Fraud)

On or about April 1, 2021, in Berrien County, in the Western District of Michigan, Southern Division, and elsewhere, the defendant,

JONA VAN DEN BROECK,

knowingly and with intent to defraud accessed a protected computer without authorization and by means of such conduct furthered the intended fraud and obtained something of value, specifically 37,609 Theta Tokens, valued at the time to be worth approximately $410,528.90.

18 U.S.C. § 1030(a)(4), (c)(3)(A)

# COUNT 4
(Money Laundering)

Between approximately April 1 and 2, 2021, in Berrien County, in the Western District of Michigan, Southern Division, and elsewhere, the defendant,

JONA VAN DEN BROECK,

transported, transmitted, and transferred funds, that is, 37,609 Theta Tokens, from a place in the United States, that is, Bridgman, Michigan, to and through a place outside the United States, that is, the Seychelles, the Cayman Islands, and Spain, knowing that the funds involved in the transportation represented the proceeds of some form of unlawful activity and knowing that such transportation was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, that is, wire fraud and unauthorized access of a computer in furtherance of fraud.

18 U.S.C. § 1956(a)(2)(B)(i)

## **FORFEITURE ALLEGATION**
(Wire Fraud)

1. The allegations contained in Counts 1 and 2 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of an offense in violation of Title 18, United States Code, Section 1343 set forth in Counts 1 and 2 of this Indictment, the defendant,

JONA VAN DEN BROECK,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s).  The property to be forfeited includes, but is not limited to, the following: a money judgment in the amount of at least $410,528.90, which represents the proceeds obtained, directly or indirectly from the offenses charged in Counts 1 and 2.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

18 U.S.C. §§ 981(a)(1)(C), 1343
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

## FORFEITURE ALLEGATION
(Unauthorized Access of a Computer in Furtherance of Fraud)

1. The allegations contained in Count 3 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1030(i).

2. Upon conviction of the computer fraud offense in violation of Title 18, United States Code, Section 1030, set forth in Count 3 of this Indictment, the defendant,

JONA VAN DEN BROECK,

shall forfeit to the United States of America:

   a. pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1030(i), any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense; and

   b. pursuant to Title 18, United States Code, Section 1030(i), any personal property that was used or intended to be used to commit or to facilitate the commission of such offense. The property to be forfeited includes, but is not limited to: a money judgment in the amount of at least $410,528.90, which represents the proceeds derived from or obtained as a result of such offense.

3. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b) and 1030(i).

18 U.S.C. §§ 982(a)(2)(B), (b), 1030, 1030(i)
21 U.S.C. § 853(p)

## FORFEITURE ALLEGATION
(Money Laundering)

1. The allegations contained in Count 4 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 982(a)(1).

2. Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1956, the defendant,

JONA VAN DEN BROECK,

shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following: a money judgment in the amount of $410,528.90, which represents the amount of money involved in the offense charged in Count 4.

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

18 U.S.C. §§ 982(a)(1), (b), 1956
21 U.S.C. § 853(p)

A TRUE BILL

_____
GRAND JURY FOREPERSON

ANDREW BYERLY BIRGE
United States Attorney

_____
JUSTIN M. PRESANT
Assistant United States Attorney